15

51 PAID #18473-BC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

JEFF DUNBAR,

Plaintiff,

04-10130

Case No. ___________

vs.

Hon. David Lawson

KIDDE TECHNOLOGIES, INC, f/k/a FENWAL SAFETY SYSTEMS, INC. a Delaware Corporation, and GRECON INC., an Oregon Corporation, and FIREFLY SYSTEMS, INC., an Illinois Corporation, and CLARKE SHEET METAL, INC., an Oregon Corporation

Defendants.

FILED
MAY 19 12 43 PM '04
U.S. DISTRICT COURT
EAST. DIST. MICH.
BAY CITY

NELSON, PETRUSKA, ATKINSON & HART
By: MICHAEL D. NELSON P29037
And LINDA MILLER ATKINSON P23345
850 North Center Avenue
Gaylord, MI 49734
(989) 732-2491
ATTORNEYS FOR PLAINTIFF

**COMPLAINT & JURY DEMAND**

Plaintiff, JEFF DUNBAR, by counsel, NELSON, PETRUSKA, ATKINSON & HART for his Complaint states as follows:

I. JURISDICTION

1. This is a civil action seeking compensatory damages for personal injuries arising out of the negligently designed, installed, inspected and repaired spark detection, fire and explosion devices that comprised the Fire and Explosion Detection

and Suppression system in the blender-feeder M&D building at the Georgia-Pacific Particleboard Plant in Garylord, MI.

2. Jurisdiction is conferred upon this Honorable Court because of diversity of citizenship and an amount in controversy greater than $75,000.00, exclusive of interest, costs, and attorneys' fees.

II. PARTIES

3. At all material times Plaintiff, JEFF DUNBAR, was a resident of the State of Michigan and a citizen of the United States residing in the city of Gaylord, Otsego County, Michigan.

4. Defendant FENWAL SAFETY SYSTEMS, INC., (hereafter referred to as "Defendant FENWAL') is and was, at all times material, incorporated in the State of Delaware with its principal place of business in Massachusetts, and doing business in Otsego County and the State of Michigan, consisting of design, sale, installation, inspection, and repair of explosion detection and suppression devices for fire and explosion suppression systems for the wood processing industry including the Fire and Explosion Detection and Suppression System at the Georgia-Pacific particleboard plant in Gaylord, MI. Defendant Fenwal held itself out to the wood processing industry as an expert in explosion detection and suppression systems.

5. Defendant GRECON, INC., [hereinafter "GRECON"] is and was, at all material times, incorporated in the State of Oregon, and doing business in Otsego County and the State of Michigan, designing, selling and repairing spark detection and fire suppression devices for fire and explosion suppression systems for the wood processing industry including the Fire and Explosion Detection and Suppression System

at the Georgia-Pacific particleboard plant in Gaylord, MI. Defendant GRECON held itself out as expert in fire detection and suppression devices for the wood processing industry.

6. Defendant CLARKE'S SHEET METAL, INC. [hereinafter "CLARKE'S"] is and was at all material times an Oregon Corporation doing business in Otsego County, State of Michigan, engaged in the business of selling and repairing deflagation control and suppression devices for fire and explosion suppression systems for the wood processing industry including the Fire and Explosion Detection and Suppression System at the Georgia-Pacific particleboard plant in Gaylord, MI.

7. Defendant FIREFLY SYSTEMS, INC. [hereinafter "FIREFLY"] is and was at all material times an Illinois Corporation doing business in Otsego County, State of Michigan, engaged in design, manufacture, installation, inspection, repair and maintenance of fire detection devices for fire and explosion suppression systems for the wood processing industry including the Fire and Explosion Detection and Suppression System at the Georgia-Pacific particleboard plant in Gaylord, MI.

## III. CAUSE OF ACTION: NEGLIGENCE

8. On or about May 25, 2001, PLAINTIFF JEFF DUNBAR, was employed by Georgia Pacific as a production foreman in the particleboard plant in Gaylord, MI. During the morning of May 25, 2001, smoke issued from a blender-feed hopper located on the third tier of the plant. In the absence of adequate fire detection, venting and explosion suppression systems maintained by Defendants in the area of the hoppers, a small fire spread in the hopper, resisted workers' attempts to extinguish it with a limited

manual suppression system and resulted in an explosion causing life-threatening burn injuries to JEFF DUNBAR.

9. The area where the blender-feed hoppers, conveyor line and the glue deck were located was equipped with spark detection devices designed, manufactured, sold and periodically inspected by Defendant GRECON and with fire and pressure detection devices designed, installed and maintained by Defendant FIREFLY.

10. The area where the blender-feed hoppers, conveyor line and glue deck were located was equipped with deflagration control devices including deflagration vents designe, installed, inspected and maintained by Defendant CLARKE'S.

11. Although the blender-feed hoppers contained combustible wood dust and the conveyor transported combustible wood dust, this area was not properly or adequately monitored and protected by the explosion and suppression devices Defendant FENWAL had designed, manufactured, sold and periodically inspected within the Georgia-Pacific plant.

12. Defendant FENWAL owed Plaintiff a duty of due care and compliance with statutes, applicable standards and codes including NFPA 664.xx xx.

13. Defendant FENWAL breached its duty of reasonable care and was negligent in the design, manufacture, and sale of its explosion detection and suppression devices at the Georgia-Pacific plant as follows:

a. it failed to provide adequate detection and suppression of the developing explosion on the conveyor line feeding hoppers on the third tier;

b. it failed to provide adequate detection and suppression of the explosion developing inside hoppers on the third tier;

c. failed to incorporate, as part of safe design, adequate warnings or instructions regarding proper installation, use and maintenance of the detection and suppression system; and

d. it failed to provide mandated explosion detection and suppression surveillance coordinated with Defendant Grecon's fire detection and suppression devices as part of the safety system which it knew operated in an area of combustible dust.

e. reasonable safe alternative design, construction and installation of adequate explosion detection and suppression devices to cover the subject area were known and available to Defendant and in existence before and at the time the dangerous conditions existed at the Gaylord plant, but were not implemented by Defendant FENWAL.

14. Defendant GRECON owed Plaintiff a duty of reasonable care and compliance with applicable statutes, codes and standards including NFPA 664, xx, xx

15. Defendant GRECON breached its duties and was negligent in the design, manufacture, sale and installation of its spark detection and suppression devices as follows:

a. its devices failed to detect the spark which caused the fire occurring on the conveyor line feeding hoppers on the third tier and to activate sufficient suppression devices to control spread;

b. it failed to install sufficient detection devices and suppression devices to provide adequate coverage for the conveyor line feeding hoppers on the third tier though it knew the area used involved combustible wood dust;

c. it failed to maintain the spark detection and suppression devices along the conveyor line in dependable working order and to shield or remove these UV sensitive devices from sources of UV light including sunlight from nearby windows that caused the system to fault and to be unreliable;

d. it failed to incorporate, as part of safe design, adequate warnings or instructions regarding proper installation, use and maintenance of its detection and suppression devices within the overall Fire and Explosion Suppression System as a whole; and

f. failed to incorporate, as part of safe design, adequate warnings or instructions regarding the limitations of its devices to detect and suppress

sparks without having further suppression devices and deflagration venting as part of the system.

g. reasonable safe alternative design, construction and installation of adequate spark detection and fire suppression devices to cover the subject area were known and available to Defendant and in existence before and at the time the dangerous conditions existed at the Gaylord plant, but were not implemented by Defendant GRECON.

16. Defendant FIREFLY designed, manufactured, and installed certain external fire detection devices as part of Defendants' Fire Detection and Suppression System for the blender-feeder and glue deck portion of the Georgia-Pacific plant where the fire and explosion occurred on May 25, 2001.

17. Defendant FIREFLY owed Plaintiff the duty of reasonable care including compliance with applicable statutes, standards and codes, including NFPA 664.

18. Defendant FIREFLY breached its duties and was negligent as follows:

a. it failed to provide sufficient pressure and fire detection devices on the hoppers on the third tier and the conveyor line;

b. it failed to provide adequate detection devices to cover the area of the glue deck such that the devices could detect fire developing and activate suppression devices before it spread out of control;

c. failed to incorporate, as part of safe design, adequate warnings or instructions regarding proper installation, use and maintenance of its detection devices; and

d. it failed to provide sufficient detection surveillance coordinated with Defendants' devices as part of the safety system which it knew operated in an area of combustible dust; and

e. reasonable safe alternative design and installation of adequate detection and activation devices to cover the subject area were known and available to Defendant and in existence before and at the time the dangerous conditions existed at the Gaylord plant, but were not implemented by Defendant FIREFLY.

19. Defendant CLARKE'S designed, manufactured, and installed deflagration venting or other deflagration suppression as part of the Explosion and Fire Suppression System for the blender-feeder hoppers and conveyor and glue deck portion of the Georgia Pacific plant where the explosion occurred.

20. Defendant CLARKE'S owed Plaintiff the duty of reasonable care and compliance with applicable statutes, standards and codes, including NFPA 664.

21. Defendant CLARKE'S breached its duties and was negligent as follows:

a. it failed to provide adequate deflagration venting and control of the developing explosion;

b. it failed to provide appropriate vent closure devices to activate deflagration venting when pressure internally reached explosive proportions so that the contents would be safely vented to the outside and prevent explosion into the plant;

c. failed to incorporate, as part of safe design, adequate warnings or instructions regarding proper installation and maintenance of the deflagration venting and suppression system; and

d. it failed to provide mandated deflagration detection and explosion venting coordinated with Defendants' fire detection and suppression devices as part of the safety system which it knew operated in an area of combustible dust.

e. reasonable safe alternative design, construction and installation of adequate deflagration venting and explosion prevention devices to cover the subject area were known and available to Defendant and in existence before and at the time the dangerous conditions existed at the Gaylord plant, but were not implemented by Defendant CLARKE'S.

22. The negligent acts and omissions of Defendants FENWAL and GRECON and FIREFLY and CLARKE'S in design, manufacture, installation, inspection and maintenance of their respective devices as inadequate parts of the Fire and Explosion Protection System at the Georgia Pacific plant in Gaylord, MI, were individually and together direct and proximate causes of Plaintiff's severe injuries and damages.

23. As a direct result of the acts and omissions of Defendants and of the defects in the spark, fire and explosion detection and suppression devices, the spark spread into fire in the hopper and exploded violently out of the hopper into the plant further igniting wood dust throughout the area and extensively burning PLAINTIFF JEFF DUNBAR'S hands and arms, torso, face and neck resulting in permanent disability and impairment. PLAINTIFF JEFF DUNBAR incurred reasonable and necessary medical, surgical and hospital expenses, loss of earnings and earning capacity, mental and physical pain and suffering. loss of enjoyment of life, embarrassment, humiliation and disfigurement, all past, present and future.

IV. CAUSE OF ACTION: NEGLIGENT REPAIR

24. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 11 above, by reference, as if set forth fully here.

25. Defendant GRECON undertook an ongoing duty of inspection and repair of its devices at the G-P plant, and owed Plaintiff a duty of reasonable care in the repair of its spark detection and fire suppression devices at the Gaylord G-P plant including compliance with applicable codes and standards.

26. Defendant GRECON breached these duties and was negligent in failing to repair the system in place in the M-D area of the Gaylord plant to increase detectors, deluge devices and deluge activating devices at the hoppers and along the conveyor where the existing system provided no coverage for detection and suppression though Defendant knew the hoppers and surrounding area contained combustible wood dusts in volatile atmospheres, and that their devices had failed to respond adequately to

previous sparks in that area and were impaired and rendered unreliable by reaction to sunlight causing malfunctions.

27. Defendant FENWAL undertook an ongoing duty of inspection and repair of its devices at the G-P plant, and owed Plaintiff a duty of reasonable care in the repair of its explosion detection and suppression devices as part of the Fire and Explosion Protection System at the Gaylord G-P plant including compliance with applicable codes and standards.

28. Defendant FENWAL breached these duties and was negligent in failing to repair its part of the system to place adequate explosion detection and suppression devices in the M-D area of the Gaylord plant at the hoppers and along the conveyor where the existing system provided some spark detection but no coverage for explosion detection or suppression though Defendant knew the hoppers and surrounding area contained combustible wood dusts in volatile atmospheres, and that the existing FENWAL devices could not respond adequately to sparking in that area.

29. Defendant FIREFLY undertook an ongoing duty of inspection and repair of its devices at the G-P plant, and owed Plaintiff a duty of reasonable care in the repair of its fire and pressure detection devices in the Fire and Explosion Detection and Suppression Systems at the Gaylord G-P plant including compliance with applicable codes and standards.

30. Defendant FIREFLY breached these duties and was negligent in failing to repair its devices and place additional necessary devices in place in the M-D area of the Gaylord plant to provide adequate detection and monitoring at the hoppers and along the conveyor where the existing system provided no coverage for fire detection though

Defendant knew the hoppers and surrounding area contained combustible wood dusts in volatile atmospheres, and that the existing devices were inadequate to monitor the entire area at risk.

31. Defendant CLARKE'S undertook an ongoing duty of inspection and repair of its devices and the vents at the G-P plant, and owed Plaintiff a duty of reasonable care in the repair of its deflagration devices and vents as part of the Fire and Explosion Detection and Suppression system at the Gaylord G-P plant including compliance with applicable codes and standards.

32. Defendant CLARKE'S breached these duties and was negligent in failing to repair its deflagration vents in place in the M-D area of the Gaylord plant to vent to the outside of the plant burning contents and potential explosive contents at the hoppers to prevent the force of the explosion from being directed into the plant where it could not be controlled though Defendant knew the hoppers and surrounding area contained combustible wood dusts in volatile atmospheres, and that the deflagration vents were improperly sealed and would not adequately prevent dangerous fire and explosion into the plant causing injury.

33. As a direct result of Defendants' negligent failures to repair their devices as part of the Fire and Explosion Detection and Suppression System, the spark in the hopper spread to a fire and, unsuppressed, built up and exploded unvented into the plant causing further fire and explosion and burning PLAINTIFF JEFF DUNBAR'S hands and arms, torso, face and neck resulting in permanent disability and impairment. PLAINTIFF JEFF DUNBAR incurred reasonable and necessary medical, surgical and hospital expenses, loss of earnings and earning capacity, mental and physical pain and

suffering, mental anguish, loss of enjoyment of life, embarrassment and humiliation and disability and disfigurement, all past, present and future.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

A. Judgment in favor of the Plaintiff and against the Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), which is fair, just and equitable, as and for compensatory damages, plus interest, costs and attorneys' fees;

B. Such other and further relief as this Honorable Court shall deem just, equitable, and proper in the premises.

Respectfully submitted,

NELSON, PETRUSKA, ATKINSON & HART

BY: [signature]
MICHAEL D. NELSON P29037

BY: [signature]
LINDA MILLER ATKINSON P23345
850 North Center Avenue
Gaylord, MI 49734
(989) 732-2491
**Attorneys for Plaintiff**

Dated: May 19, 2004

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

JEFF DUNBAR,

Plaintiff,

Case No. 04-10130

vs.

Hon. David Lawson

KIDDE TECHNOLOGIES, INC, f/k/a
FENWAL SAFETY SYSTEMS, INC.
a Delaware Corporation, and GRECON INC.,
an Oregon Corporation, and FIREFLY SYSTEMS,
INC., an Illinois Corporation, and CLARKE
SHEET METAL, INC., an Oregon Corporation

Defendants.

NELSON, PETRUSKA, ATKINSON
& HART
By: MICHAEL D. NELSON P29037
And LINDA MILLER ATKINSON P23345
850 North Center Avenue
Gaylord, MI 49734
(989) 732-2491
ATTORNEYS FOR PLAINTIFF




## JURY DEMAND

Plaintiff, through his counsel, NELSON, PETRUSKA, ATKINSON & HART, demand trial by jury in the above-entitled cause.

Respectfully submitted,

NELSON, PETRUSKA, ATKINSON, & HART

BY: ____________________
MICHAEL D. NELSON P29037

BY: ____________________
LINDA MILLER ATKINSON P23345
850 North Center Avenue
Gaylord, MI 49734
(989) 732-2491
**Attorneys for Plaintiff**

Dated: 5-19-04, 2004

04-10130

Judge David M. Lawson

JS 44 11/99

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: __________

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

Jeff Dunbar

(b) County of Residence of First Listed: Otsego

**DEFENDANTS**

Kidde Technologies, Inc., f/k/a Fenway Safety Systems, Inc., a Delaware Corp., GreCon, Inc., an Oregon Corp., Firefly Systems, Inc., an Illinois Corp., and Clarke Sheet Metal, Inc., an Oregon Corp

County of Residence of First Listed: MASSACHUSETTS

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Nelson, Petruska, Atkinson & Hart
850 N. Center Avenue, PO Box 540
Gaylord, MI 49734-0540

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item 111)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

1/5

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

365

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury-Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [X] 365 Personal Injury - Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault Libel And Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21: 881 | PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC |
| [ ] 150 Recovery of Overpayment and Enforcement of Judgment | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced & Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 690 Other | [ ] 861 H IA (1 395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | | LABOR | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | [ ] 442 Employment | Habeas Corpus: | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | | [ ] 555 Prison Condition | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 $DEMAND

CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Hon. David Lawson DOCKET NUMBER __________

DATE 05-19-04

SIGNATURE OF ATTORNEY OF RECORD Linda Miller Atkinson P23345

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☒ Yes
☐ No

If yes, give the following information:

Court: US District Court, Eastern Dist. of MI, Northern Div.

Case No.: ____________________

Judge: Hon. David Lawson

Notes :